# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,
611 Pennsylvania Avenue SE #231
Washington, DC 20003

> *Plaintiff,*

> v.

U.S. DEPARTMENT OF DEFENSE,
Freedom of Information Division
1155 Defense Pentagon
Washington, DC 20301-1155

> *Defendant.*

Civil Action No.: 1:22-cv-01266

## COMPLAINT
(For Violation of the Freedom of Information Act)

### Summary of the Case

1.     Plaintiff America First Legal Foundation ("AFL") brings this action against the United States Department of Defense ("DOD") to compel compliance with the Freedom of Information Act ("FOIA") 5 U.S.C. § 552.

2.     In May 2021, Lt. Col. Matthew Lohmeier was removed from his post after making an appearance on a podcast to promote his book. The commander's book asserts that a neo-Marxist agenda is transforming military culture and policy. From this reporting, it is increasingly clear that DOD may be engaging in an anti-conservative purge within the Department. *See*, Carly Ortiz-Lytle, *Space Force Officer Relieved of Post After denouncing Marxist Ideology and Critical Race Theory in Military: Report*, WASHINGTON EXAMINER (May 15, 2021),

https://www.washingtonexaminer.com/news/space-force-officer-relieved-from-post-after-criticism-critical-race-theory-marxism.

3.    In response to this reporting, on May 21, 2021, AFL filed a Freedom of Information Act request with the DOD requesting records related to the Department's role in purging political conservatives and Christians from the military. *See* Exhibit 1.

4.    On May 25, 2021, DOD responded to AFL via email and claimed that AFL's request contained "overly-generic search terms" that complicated the DOD's ability to process and respond to the request. *See* Exhibit 2.

5.    On May 25, 2021, AFL responded and indicated a willingness to speak with DOD about its request. *See* Exhibit 3.

6.    Despite its efforts to work with DOD, AFL received an interim response from DOD on May 27, 2021, stating that DOD had placed AFL's request in its complex processing queue and identified approximately 37 search terms AFL had provided that were "problematic" in processing AFL's request. *See* Exhibits 4 & 5.

7.    Despite AFL agreeing to significantly narrow the scope of its request, DOD continued to assert that the terms of the search were problematic and requested that AFL identify specific custodians that DOD could search. AFL emphasized that it is not in a position to know what custodians should be searched, and also stated that it is not AFL's burden to provide a rigid set of custodians for DOD to search. *See* Exhibit 6.

8.      Even after AFL agreed to significantly narrow the scope of its request, DOD continued to assert that the search terms were too broad and instructed its office to limit its search to DOD's shared drive and emails to and from two custodians. *See* Exhibit 7.

9.      AFL's request is not overly broad or unduly burdensome. In its request, and in additional communications with DOD, AFL provided a limited range of search terms and a very narrow timeframe for responsive records. *See* Exhibit 1. Despite AFL's good faith efforts to narrow its request, DOD has consistently asserted that AFL's request is overly broad and problematic. DOD has an obligation under FOIA to work with AFL to ensure openness and transparency throughout government. Attorney General Merrick Garland emphasized this very point in a Department of Justice memorandum: "disclosures enable information about federal government operations to be more readily available to all." Memorandum from Attorney Gen. Merrick B. Garland to Heads of Executive Departments and Agencies (Mar. 15, 2022) (https://www.justice.gov/ag/page/file/1483516/download).

10.     To date, DOD has not produced any records requested by AFL. Eleven months have elapsed since AFL first filed its request with DOD.

11.     DOD has prevented AFL and the public from obtaining, in a timely fashion, information vital to current and ongoing public debate of these critical matters.

12.     The primary value of AFL's requested information lies in the near "real time" transparency it will provide to inform the ongoing debate on the topic. While

information gained months or (more likely) years from now may still be of historical value, stale information is of little value in these circumstances. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

13.     Due to the political sensitivity of the requested records and based on AFL's knowledge and belief of the Biden Administration's operating procedures with respect to processing FOIA requests from non-ideologically aligned requestors, AFL is concerned that DOD political appointees may be overseeing, supervising, and/or delaying the processing of AFL's request to keep the facts from public exposure and to prevent public scrutiny of controversial Biden Administration policies.

## Jurisdiction and Venue

14.     The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

15.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

16.     AFL is a nonprofit organization with its principal office in the District of Columbia.

17.     The DOD is an agency under 10 U.S.C. § 111, with headquarters at 1000 Defense Pentagon, Washington, DC. It has possession, custody, and control of the requested records.

## Facts

18.     On May 21, 2021, AFL submitted request 21-F-1050 and requested records relating to DOD's involvement in the monitoring of social media accounts

belonging to uniformed servicemembers, contractors, and civilian employees. *See* Exhibit 1.

19.    On May 24, 2021, AFL received an automated response from DOD indicating that AFL's request had been received. *See* Exhibit 8.

20.    On May 25, 2021, at 11:32 AM, DOD contacted AFL and stated that DOD had encountered problems with AFL's request regarding the scope and "overly-generic" search terms and requested a meeting to discuss the request. *See* Exhibit 2.

21.    On May 25, 2021, at 12:13 PM, AFL responded and provided the contact information for its attorney that DOD could discuss the request with. *See* Exhibit 3.

22.    On May 25, 2021, at 1:41 PM, DOD contacted the AFL attorney and scheduled a phone call for May 26, 2021. *See* Exhibit 9.

23.    On May 26, 2021, at 6:22 AM, DOD contacted AFL prior to their scheduled phone call and identified 37 search terms from AFL's request (Section III) that DOD claimed were problematic because they were too "generic." *See* Exhibit 5.

24.    On May 27, 2021, DOD sent to AFL an interim response which stated that DOD had begun to process AFL's request and had placed the request in its complex processing queue. *See* Exhibit 4.

25.    On May 27, 2021, AFL agreed to narrow its request and prioritize five search terms that could be queried against the custodians identified in Section II of AFL's request. *See* Exhibit 6.

26.    On June 2, 2021, at 6:11 AM, DOD contacted AFL and stated that DOD was unable to conduct a search across its Joint Staff office without specific email

accounts/custodians. AFL reiterated that it was "not in a position to know what accounts should be searched" and also emphasized that it was not AFL's burden to provide "a rigid set of email addresses or accounts" to DOD. AFL requested that DOD conduct its search for records on "any account that could reasonably be expected to be added or consulted on a request of the nature described in the FOIA request." *See* Exhibit 7.

27.     On June 9, 2021, DOD responded to AFL via email and stated that three of the five search terms that AFL had agreed to prioritize were still too broad and problematic. DOD also stated that AFL's initial search pattern request was too broad and that it would confine its search to only two custodians. *See* Exhibit 7.

28.     To date, DOD has not provided any of the records that AFL requested.

<u>Claim for Relief</u>

*For Violation of 5 U.S.C. § 552(a)*

29.     AFL repeats paragraphs 1-28.

30.     The record before the DOD included:

a.     Evidence that AFL's core mission included informing and educating the public regarding the operations and activities of the federal government.

b.     Evidence that AFL intended to give the public access to the records it obtains via the FOIA on its website.

c.     Evidence that AFL intended to disseminate the information it requested by making the requested records broadly available to the public,

6

scholars, and the media; to use its editorial skills to turn raw materials into distinct work; and to distribute that work to an audience.

> d.      Evidence that AFL's email list contained over 30,000 unique addresses, its Twitter page had over 13,000 followers, the Twitter page of its Founder and President had over 158,000 followers, and it had another 29,000 followers on GETTR.

31.      AFL should be granted declaratory and injunctive relief under 5 U.S.C. § 552(a)(4)(B).

<u>Relief Requested</u>

WHEREFORE, AFL respectfully requests this Court:

A.      Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

B.      Order the Defendant to conduct searches immediately for all records responsive to AFL's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

C.      Order the Defendant to produce by a date certain all non-exempt records responsive to AFL's FOIA request.

D.      Award AFL attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

E.      Grant AFL such other and further relief as this Court deems proper.

May 9, 2022.

> Respectfully submitted,

<u>/s/ Tyler J. Sanderson</u>
TYLER J. SANDERSON
D.C. Bar No. 1616505
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue SE #231
Washington, D.C. 20003
Tel.: (202) 964-3721
E-mail: tyler.sanderson@aflegal.org

*Counsel for Plaintiff America First Legal Foundation*